ESTATE OF CYNTHIA HOFF SHILLABER, DECEASED (No. 2).

[No. 4,015; decided July 14, 1887.]

Administrator—Allowance for Traveling Expenses.—Where an administrator has, in good faith, journeyed to a distant state upon business of the estate, and has incurred an attorney's charge in connection therewith, an allowance will be made to him therefor; and this whether or not he misconceived his legal duty.

Executor—Insurance—Proof of Loss.—It is an executor's duty to prepare proofs of loss in case of a destruction of insured property and hence he will not be allowed a charge incurred for having such proofs prepared.

Executor—Costs of Copying Papers.—All proceedings necessary to be taken by the executor in the administration of the estate are part of his duty, and any papers drawn in connection therewith are covered by the statutory compensation provided for his services; and the costs of engrossing or copying the same are not taxable against the estate.

Executor—Allowance for Clerical Help.—When, in a large estate, the impracticability is shown of doing without clerical assistance to collect rents and keep accounts, the court usually makes some allowance therefor; but guardedly, and never without rigorous proof of necessity, although no objection be interposed.

The Administrator may be Allowed a Charge for Costs Paid in Serving Notices required by law to oust a defaulting tenant, and although paid to an agent of the estate, receiving a compensation for collection of the rents.

An Item in an Account for "Executor's Loss of Time" will be stricken out.

Appraisers.—Where Compensation of Appraisers has been Fixed after Notice to all parties interested, the question will be thereafter treated as res judicata.

Appraisers.—It is the Duty of Appraisers, in all cases where their labor extends over a number of days, to preserve a minute account of their services.

An Executor is Entitled to the Assistance of Counsel, even When He is Himself an Attorney; but in dealing with the question the court will be mindful of the fact that the executor is an attorney of ability. So, in this case, conforming to this rule and qualification, the court reduced the attorney's charge by one-third.

Executor—Allowance for Counsel Fees.—In the case at bar the executor was allowed an item for counsel fees, although his counsel was his law partner, it being proved that in this service such counsel was not the business partner of the executor.

Executor.—An Item for Commissions of an Executor, found in an annual account by him, will be disallowed. Allowance of an executor's statutory commissions is authorized only upon settlement of his final account in the administration.

There was a contest arising upon objections to the settlement of the first annual account of the executor. Mr. Carroll Cook, as executor, filed his first annual account on September 13, 1886, and upon the twenty-seventh day of September, 1886, written objections were filed by Frances H. Lowndes (a sister of the above-named testatrix) in her own right as an heir, and also as guardian of the person and estate of Theodora Lowndes, a minor, a party interested in the estate of said decedent. After sustaining, as to one point, a demurrer to the objections (on October 8, 1886), the hearing was had, extending over a considerable period of time; final argument being heard on March 24, 1887. Such statement of the objections and items of the account referred to in the opinion is here made, as is considered to be helpful to a more complete understanding of the judge's decision.

As to the first objections considered, respecting certain telegrams, it appeared that the executor was absent from San Francisco, and telegraphed certain instructions respecting affairs of the estate. As to the amount paid Josiah Cook, an attorney at Buffalo, it appeared that at the time of dece-

dent's death a certain suit began in New York state was pending against her, and, in answer to a telegram from relatives of decedent's family, the executor went on to New York in the belief that some immediate necessity existed for the sending of the telegram, which called for his prompt appearance in New York. For the contestants to the account, it was urged that no necessity of attention could arise with respect to that suit or matters involved in it, because the suit suspended by decedent's death, and could only be revived by instituting an administrator in New York, and having him substituted in the suit; furthermore, the whole matter of the suit was beyond the jurisdiction of this court, and the forum of this administration, and so no part of the executor's duty. The court took the view, however, that the executor should be protected in his action, it having been taken in good faith, although under an erroneous impression of the law.

The items of moneys paid O'Beirne and Jewett, and disallowed by the judge, deserve attention, as they involve an erroneous impression on the part of the executor, not so uncommon, perhaps, in probate proceedings, as might be wished on the part of the court, who is often left to pick out objectionable items of a like character without any help from observing counsel in opposing interests.

The item of $2 paid O'Beirne was for making a "fair copy" of the executor's account; the item of $5.50 for copying the executor's amendments to a certain statement on appeal; and the item of $16, for copying the inventory filed in the estate and a brief presented to the judge. The item of $34 paid Jewett was for making a copy of all proceedings and papers of record in the administration, which copy the executor wanted for his convenience.

The rejection of these items was, as stated in the headnote, on the ground that the subject matter was within the line of the executor's duty, and so was covered by the compensation and commissions provided by law. If, e. g., it was part of the executor's duty to file an account, he could not make a charge for moneys paid in engrossing that; neither could he ask the estate to pay for any copy thereof he should

desire to keep; all these items disallowed are upon this legal ground.

The facts as to all other items objected to are sufficiently stated in the opinion of the court.

The legal propositions contained in the second, fifth, sixth, eleventh and twelfth headnotes were previously announced January 7, 1886, in a decision delivered in the same estate, upon the settlement of the executor's final account in the special administration, reported ante as Estate of Shillaber (No. 1).

William Hoff Cook, for executor.

Carroll Cook, executor, in pro. per.

W. S. Wood, for objections.

B. Noyes, also for objections.

COFFEY, J.   Objections sustained to items for telegrams July 6th, $1.30; July 6th, 50c.; July 6th, 75c.; July 6th, 50c.; July 7th, 85c.; July 9th, 35c.; July 9th, 25c.

Fifteen per cent should be taken from all premiums of insurance, it appearing from the testimony that Mr. Gunther was agent for the estate, and that he received, or is about to receive, not less than that amount of premiums as commissions for procuring the insurance.

As to the $100 paid to Josiah Cook, an attorney at Buffalo, the court repeats what it said with reference to the special administrator in a similar connection, that, having acted in good faith in journeying to New York, in response to the telegram from Buffalo, he should be allowed whatever proper expense was incurred in that regard; and, whether or not he was mistaken in his view of the law, the court esteems it just to allow this item.

Item, August 31st, E. W. Gunther $50, for preparing proofs of loss.   I do not think this is a proper charge against the estate, for the reason that, if I correctly understand it, it is the duty of the executor to make and prepare such proofs.

Items for September 25th, J. F. O'Beirne, $2; September 30th, J. F. O'Beirne, $5.50; October 3d, George Jewett, $34; December 14th, J. F. O'Beirne, $16 should be disallowed.

With references to the charges of commissions paid E. W. Gunther for collecting rents, as well as the three items of cash paid Mr. Gunther on May 25th, June 5th and 12th for serving notices, the court will repeat what it said upon the settlement of the account of the special administrator: ''When in the care and management of a large estate it is shown to be impracticable to do without clerical assistance to collect rents and keep accounts, the court usually makes some allowance, but the exercise of this discretion should be guarded.

''The executor is expected to perform some labor and to use the utmost economy consistent with the protection of the estate entrusted to his custody and care. I have never made such allowances without rigorous proof of necessity, even when no objection was interposed; but such allowances have been made in probate courts repeatedly under such circumstances as are suggested in this case.

''Even if proper, however, the charge is out of proportion to the result. I shall allow at the rate of four per cent upon collections; reserving to myself the right in other accounts to deal otherwise with any similar item, and acting now upon the evidence before me and my present view of duty.''

I am inclined to think that under all the circumstances of this estate it is reasonable to allow something for such service, but, taking into consideration the relation of the recipient of this commission to the executor, three per cent seems to be sufficient. The item is reduced to that amount. The charges for serving notices are allowed.

With reference to the items embraced under objection 4, so much of the charge as is for executor's loss of time should be struck out; and as for other expenses, for the trip to Los Angeles, while I consider that executors should be more frugal in disbursing the moneys of estates, yet in this case it may be that the expenditures were justified by the circumstances, so I shall disallow objections as to all but what I have herein indicated.

As to the charges of the appraisers, I am of opinion that that matter was adjudicated by the order allowing the amount, after notice given, and that, apart from that, while the appraisers should have preserved a minute account of

their services, day by day, in this as in all other cases, the court would feel compelled from the evidence, if it considered the matter open for inquiry at this stage, to allow the items.

As to the ninth objection: "August 25th, William Hoff Cook, services $1,500," the court repeats the language of its opinion in the matter of the account of the special administrator. "The executor is entitled to such assistance, even when he himself is an attorney and he needs other counsel. In this case, while he has been actively participant in all the proceedings, yet the counsel claiming the allowance has done, before the court, work entitling him to consideration, and his evidence is that in this service he is not a business partner of the executor. The executor, however, is a lawyer of competency and experience; and he must expect, hereafter, that the court will consider this fact in dealing with his accounts."

So considering in the present instance, the court reduces this item by one-third, making it $1,000.

With regard to objection 10, commissions of executor. This item is unauthorized by law.

"An administrator's commissions should not be allowed him in the settlement of his annual account, but when he has rendered his final account": Estate of Minor, 46 Cal. 564.

All objections and exceptions not herein specifically dealt with are overruled and denied.

---

For Authorities upon the questions involved in the principal case, see Estate of Shillaber, ante, p. 120, and note. That an administrator may charge the estate with the traveling expenses of his attorney incurred in preserving the assets of the estate, see Estate of Moore, 72 Cal. 335, 13 Pac. 880; Estate of Byrne, 122 Cal. 260, 54 Pac. 957.